Form 3015-1 - Chapter 13 Plan
**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NORTH DAKOTA**
**FARGO DIVISION**

---

In re:                                                                                   CHAPTER 13 PLAN
**Blake Fitzgerald**

Dated:       **07/28/2016**

Debtor
*In a joint case,*                                                       Case No.    **16-30351**
*debtor means debtors in this plan.*

---

1. **DEBTOR'S PAYMENTS TO TRUSTEE --**

   a. As of the date of this plan, the debtor has paid the trustee _____.

   b. After the date of this plan, the debtor will pay the trustee **$978.00** per **month** for **60 months**, beginning within 30 days after the order for relief for a total of **$58,680.00**. The minimum plan length is
      ☐ 36 or  ☑ 60 months from the date of the initial plan payment unless all allowed claims are paid in a shorter time.

   c. The debtor will also pay the trustee _____
      _____
      _____

   d. The debtor will pay the trustee a total of **$58,680.00** [line 1(a) + line 1(b) + line 1(c)].

2. **PAYMENTS BY TRUSTEE --** The trustee will pay from available funds only creditors for which proofs of claim have been filed. The trustee may collect a fee of up to 10% of plan payments, or **$5,868.00** [line 1(d) x .10].

3. **ADEQUATE PROTECTION PAYMENTS [§ 1326(a)(1)(C)] --** The trustee will promptly pay from available funds adequate protection payments to creditors holding allowed claims secured by personal property, according to the following schedule, beginning in month one (1).

| Creditor | Monthly Payment | Number of Months | Total Payments |
|---|---|---|---|
| TOTAL | | | $0.00 |

4. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES [§ 365] --** The debtor assumes the following executory contracts or unexpired leases. Cure provisions, if any, are set forth in ¶ 7.

| Creditor | Description of Property |
|---|---|

5. **CLAIMS NOT IN DEFAULT --** Payments on the following claims are current and the debtor will pay the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens, if any.

| Creditor | Description of Claim |
|---|---|
| **Gate City Bank** | **2008 Honda Accord LX-P** |

6. **HOME MORTGAGES IN DEFAULT [§ 1322(b)(5) and § 1322(e)] --** The trustee will cure defaults on the following claims secured only by a security interest in real property that is the debtor's principal residence. The debtor will pay the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens. ALL FOLLOWING ENTRIES ARE ESTIMATES. The trustee will pay the actual amounts of default.

| Creditor | Amount of Default | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|
| TOTAL | | | | | $0.00 |

---

| UNITED STATES BANKRUPTCY COURT | Case No: | 16-30351 | Chapter 13 Plan |
|---|---|---|---|
| DISTRICT OF NORTH DAKOTA | Debtor(s): | **Blake Fitzgerald** | |
| FARGO DIVISION | | | |

7. **CLAIMS IN DEFAULT [§ 1322(b)(3) and (5) and § 1322(e)]** -- The trustee will cure defaults on the following claims as set forth below. The debtor will pay the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens, if any. ALL FOLLOWING ENTRIES ARE ESTIMATES, EXCEPT FOR INTEREST RATE.

| Creditor / Amount of Default | Int. rate (if applicable) | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|
| TOTAL | | | | | $0.00 |

8. **OTHER SECURED CLAIMS; SECURED CLAIM AMOUNT IN PLAN CONTROLS [§ 1325(a)(5)]** --The trustee will pay, on account of the following allowed secured claims, the amount set forth in the "Total Payments" column, below. The creditors will retain liens securing the allowed secured claims until the earlier of the payment of the underlying debt determined under nonbankruptcy law, or the date of the debtor's discharge. NOTWITHSTANDING A CREDITOR'S PROOF OF CLAIM FILED BEFORE OR AFTER CONFIRMATION, THE AMOUNT LISTED IN THIS PARAGRAPH AS A CREDITOR'S SECURED CLAIM BINDS THE CREDITOR PURSUANT TO 11 U.S.C. § 1327, AND CONFIRMATION OF THE PLAN IS A DETERMINATION OF THE CREDITOR'S ALLOWED SECURED CLAIM.

| Creditor / Claim Amount | Secured Claim | Int. Rate | Beg. in Month # | (Monthly Payment) | x | (Number of Payments) | = | Payments on Account of Claim | + | (Adequate Protection from ¶ 3) | = | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| TOTAL | | | | | | | | | | | | $0.00 |

9. **PRIORITY CLAIMS** -- The trustee will pay in full all claims entitled to priority under § 507, including the following. THE AMOUNTS LISTED ARE ESTIMATES. The trustee will pay the amounts actually allowed.

| Creditor | Estimated Claim | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|
| a. Attorney Fees | | | | | |
| **Madlom Law Office** | $2,500.00 | Pro-Rata | 1 | 3 | $2,500.00 |
| b. Domestic Support | | | | | |
| **Megan Gerszewski** | $1.00 | Pro-Rata | 3 | 4 | $1.00 |
| c. IRS | | | | | |
| **Internal Revenue Service** | $2,000.00 | Pro-Rata | 3 | 4 | $2,000.00 |
| d. MN Dept. of Rev. | | | | | |
| e. Other: | | | | | |
| f. TOTAL | | | | | $4,501.00 |

10. **SEPARATE CLASSES OF UNSECURED CREDITORS** -- In addition to the class of unsecured creditors specified in ¶ 11, there shall be separate classes of non-priority unsecured creditors described as follows:   **See below**
    The trustee will pay the allowed claims of the following creditors. ALL ENTRIES BELOW ARE ESTIMATES.

| Creditor / Description | Interest Rate (if any) | Claim Amount | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|
| TOTAL | | | | | | $0.00 |

11. **TIMELY FILED UNSECURED CREDITORS** --   The trustee will pay holders of nonpriority unsecured claims for which proofs of claim were timely filed the balance of all payments received by the trustee and not paid under ¶ 2, 3, 6, 7, 8, 9 and 10 their pro rata share of approximately   **$48,311.00**   [line 1(d) minus lines 2, 6(d), 7(d), 8(d), 9(f) and 10(c)].

    a. The debtor estimates that the total unsecured claims held by creditors listed in ¶ 8 are   **$0.00**   .

    b. The debtor estimates that the debtor's total unsecured claims (excluding those in ¶ 8 and ¶ 10) are   **$87,728.48**   .

    c. Total estimated unsecured claims are   **$87,728.48**   [line 11(a) + line 11(b)].

| | | |
|---|---|---|
| UNITED STATES BANKRUPTCY COURT | Case No:   16-30351 | Chapter 13 Plan |
| DISTRICT OF NORTH DAKOTA | Debtor(s):   **Blake Fitzgerald** | |
| FARGO DIVISION | | |

**12. TARDILY-FILED UNSECURED CREDITORS --** All money paid by the debtor to the trustee under ¶ 1, but not distributed by the trustee under ¶ 2, 3, 6, 7, 8, 9, 10, or 11 will be paid to holders of nonpriority unsecured claims for which proofs of claims were tardily filed.

**13. OTHER PROVISIONS --** The trustee may distribute additional sums not expressly provided for herein at the trustee's discretion.

**Chapter 13 Plan Provision (ND final)**

1. Debtors shall make payments as called for by this repayment Plan directly to Mr Kyle Carlson, Trustee, 2900 Momentum Place, Chicago, IL 60689-5329, by certified check or money order, or through alternate methods approved by the Trustee (such as phone payments, or E-payments).
2. The effective date of this Plan shall be the day the Plan is docketed with the Bankruptcy Court. The debtors reserve the right to cure any default under this Plan within 30 days of the default.
3. The debtor(s) shall send the Trustee each year during the Chapter 13 Plan copies of federal and state income tax returns at the time they are filed. The debtor shall also promptly report to the Trustee the receipt of any state and federal tax refunds for the duration of this Chapter 13 case. The debtor(s) shall be entitled to retain the first $1,200 (single debtor or single tax return filer) or $2,000 (joint debtor or joint tax return filer), plus any earned income credits (EIC). Any remaning amounts shall be turned over to the Chapter 13 Trustee as additional plan payments (unless debtor(s) have scheduled such refund as income on Schedule I of the debtor(s) bankruptcy schedules).
4. Debtor(s) pledge(s) their disposable income.
5. In accordance with North Dakota Bankruptcy Local Rule 2016-1 the Debtor's attorney elects to accept the presumptively reasonable fee for the services performed (or to be performed as required by such rule).

**14. SUMMARY OF PAYMENTS --**

| | |
|---|---|
| Trustee's Fee [Line 2] | **$5,868.00** |
| Home Mortgage Defaults [Line 6(d)] | **$0.00** |
| Claims in Default [Line 7(d)] | **$0.00** |
| Other Secured Claims [Line 8(d)] | **$0.00** |
| Priority Claims [Line 9(f)] | **$4,501.00** |
| Separate Classes [Line 10(c)] | **$0.00** |
| Unsecured Creditors [Line 11] | **$48,311.00** |
| **Total [must equal Line 1(d)]** | **$58,680.00** |

Insert Name, Address, Telephone and License Number of Debtor's Attorney:
Bruce L. Madlom
Bar no. 04716
Madlom Law Office
1330 Gateway Dr. S.W.
P.O. Box 9693
Fargo, ND  58106-9693
(701) 235-0505

/s/ Blake Fitzgerald
**Blake Fitzgerald**
*Debtor*